# Brentwood Realty Co., Appellant, *v.* Moses.

*Contracts—Offer and acceptance—Material alteration—Meeting of minds—Rescission of contract.*

To constitute a contract, the acceptance of an offer must be absolute and identical with the terms of the offer. If one offers to a definite thing and the offer is accepted conditionally, or intro-

duces a new term in the acceptance, there is no such meeting of minds as would create a contract.

Where an agreement of sale called for the purchase of certain lots in a real estate development designated as "Brentwood Park" and the vendor after the signing of the contract added the word "addition," which was the name of another plan of lots, such an alteration changed the terms of the agreement, and the vendee was within his rights when he refused to carry out its conditions.

Argued November 19, 1919. Appeal, No. 236, Oct. T., 1919, by plaintiff, from judgment of C. P. Chester County for defendant non obstante veredicto in case of Brentwood Realty Company v. Oliver E. Moses. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on contract for sale of real estate. Before LANDIS, P. J., Second Judicial District, specially presiding.

The court directed a verdict in favor of the plaintiff for $890.70 conditional that the plaintiff transfer to the defendant the lots named in the statement by legal deed of conveyance. Subsequently, on rule for judgment non obstante veredicto, the court made absolute the rule and judgment was entered in favor of the defendant. Plaintiff appealed.

The facts are stated in the following opinion of the court below:

The facts out of which this controversy arises are practically all in writing and are undisputed. On August 26, 1915, a written agreement was entered into between the Brentwood Realty Company by W. C. Sacks, its agent, and the defendant, Oliver E. Moses, whereby in consideration of the sum of $750, of which $10 was to be paid on the execution of the contract and $20 each month thereafter, the Brentwood Realty Company agreed to convey to the defendant "lots numbered 48-49 in block 205 in Brentwood Park, at Brentwood, Suffolk County, Long Island, N. Y." Written at the bottom of

the agreement was the following clause: "Mr. Moses agrees to visit property within sixty days and if dissatisfied all money paid to be refunded," and in the body of the agreement was a provision that "This instrument expresses the entire agreement between the parties hereto, and there are no independent, collateral or other agreements, covenants, conditions or terms whatsoever, either open or secret, and undisclosed between the parties hereto." There were at the time two copies filled out, one of which was signed by both parties and sent by Mr. Sacks to the company for approval, and the other was signed by Mr. Sacks and given to Mr. Moses. Thereupon Mr. Moses paid the $10 as provided by the agreement.

Upon the receipt of the agreement by the company, a copy identical in its provisions was filled out by some one for it, except that in front of the words "in Brentwood Park" was interlined the word "addition," with an endorsement of acceptance thereon, and on August 28, 1915, this was sent to Mr. Moses. On September 27, 1915, he requested a friend, M. F. Baringer, of Philadelphia, to write to the company for him, and the letter written by Mr. Baringer contained, inter alia, the following: "His (Moses's) understanding was that the ten dollars he paid was all the obligation he assumed, but from the duplicate of the contract it appears that before he can recover that or any further money he may pay, it will be necessary for him 'to visit the property within sixty days and if dissatisfied all money to be refunded.' If necessary to recover what he has paid, Mr. Moses will go to Brentwood, but he is dissatisfied without that, and has decided that he does not want to go any further into this deal. He is not in good condition physically, and would much prefer not to make this trip." Thereupon the secretary and treasurer of the company wrote to Mr. Moses: "We are in receipt this morning of a letter from Mr. M. F. Baringer relative to the contract entered into by you with this company for the purchase of lots

Opinion of Court below. [73 Pa. Superior Ct.

48 and 49 in block 205, Brentwood Park Addition. We beg to advise you that we will have our Mr. Sacks call and see you within the next few days and adjust matters to your entire satisfaction. We have also written Mr. Baringer to the same effect." The letter to Mr. Baringer stated: "We will have the salesman who secured Mr. Moses's contract call on him within the next few days and adjust matters to his satisfaction." Some time later Mr. Moses received word from the company that some one would call the following Monday. On October 15, 1915, he wrote in reply that he would not be home that day and for several days thereafter "but in any case I want to say I have not changed my mind about the Brentwood deal and you will please consider this my final refusal to go any further with it, as my nerve trouble seems to get worse instead of better, and I feel I must drop this matter and would ask that you kindly send me my ten dollars." After that no one from the company called upon him, and no correspondence was had between them until a letter dated August 30, 1917, from the president of the company demanded payment of the balance due under the agreement. A deed for lots 48 and 49 in block 205, Brentwood Park Addition, was subsequently tendered and refused, and this suit was then commenced. On the trial it was shown by the plaintiff that a tract was first laid out at Brentwood called "Brentwood Park," that subsequently an addition was made called "Brentwood Park Addition," and that another plot was added called "Brentwood Park Extension." Block 205 was in Brentwood Park Addition, and not on the original Brentwood park plan. It was said that the whole development was known as Brentwood Park.

The general rule is that to constitute a contract the acceptance of the offer must be absolute and identical in the terms of the offer. Thus in Swing v. Walker, 27 Pa. Superior Ct. 366, HENDERSON, J., delivering the opinion of the court, said: "Where one sues for damages for a

breach of contract, the burden is on him to establish a clear case of something actually agreed to. Where a proposal is made on one side, an acceptance is given on the other not according to the terms of the proposal, the parties are not bound: Slaymaker v. Irwin, 4 Wh. 369. 'To constitute a contract the acceptance of the offer must be absolute and identical with the terms of the offer. If one offers another to do a definite thing, and that person accepts conditionally, or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat, or it is in effect a counter proposal': Joseph v. Richardson, 2 Pa. Superior Ct. 208; Clements v. Bolster, 6 Pa. Superior Ct. 411. To bind the parties, an acceptance must be in exact conformity with the proposal. A qualified acceptance does not constitute a contract." "An acceptance qualified in any manner or accompanied by any reservation, or new proposal, is not that union of minds in which the law recognizes a contract": Clements v. Bolster, supra. It must be identical with the offer and must be definite and in such terms as it cannot be misunderstood: 35 Cyc. 53. In this case there is no evidence to indicate that the defendant knew anything concerning the location of these lots, or had ever seen a plot of either Brentwood Park, Brentwood Park Addition or Brentwood Park Extension. The agreement he signed, which was forwarded to the company, was for two lots in Brentwood Park. It was not shown that he was aware of there being no division 205 in that plot. Be that, however, as it may, when the company changed the agreement from Brentwood Park to Brentwood Park Addition, he disavowed the contract. It is true that he did not give this change as the reason for his disavowal, but it was not necessary for him under the circumstances to do this. It was sufficient that he expressed his dissatisfaction, and he was not bound to give any specific reasons, and as a matter of fact, he did not. The change having been thus made, he was not, in my judgment, bound to

carry out the contract. If this is correct, the plaintiff has now no standing to enforce it against him.

But it seems to me, there is also another equally good reason why this claim should not be enforced. The contract specifically provided that "if dissatisfied all money paid" was "to be refunded." This of course implied under these conditions a revocation. It is however contended that Moses was to visit the property within sixty days, and as he did not do so his right to rescind it ceased. Conceding for the sake of the argument that a visit as thus specified was essential to the revocation, and this position is by no means clear, yet that stipulation could undoubtedly be waived by the company. "The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and the surrender of their mutual rights is sufficient consideration": Flegal v. Hoover, 156 Pa. 276. As long as the contract is executory the parties may rescind it at any time by mutual consent: Thompson v. Stone, 43 Pa. Superior Ct. 69; Reber v. Brownback, 27 Pa. Superior Ct. 471; Army and Navy Magazine v. Yarner, 34 Montg. 33. In Fleck v. Collins, 28 Pa. Superior Ct. 443, it was said: "The parties had reduced their original contract to writing, but they were free by a new contract; not in writing, either to waive, annul or modify the former agreement, in any manner which involved no invasion of the rights of others." See also Carrier v. Dilworth, 59 Pa. 406; McNish v. Reynolds, 95 Pa. 483; Green v. Paul, 155 Pa. 126; Dreifus v. Columbian Exposition Salvage Co., 194 Pa. 475. Even an agreement to rescind in some cases may be inferred from the acts and declarations of the parties inconsistent with the existence of the original contract and the question of rescission is generally for the jury, but where a letter produced in evidence is plain and direct in its statements, and without ambiguity its construction is for the court: Corcoran v. The Mutual Life Insurance Co. of New York, 179 Pa. 132.

It is conceded that if Moses had visited the lots and then had expressed his dissatisfaction the plaintiff's cause of action would be gone. The important inquiry that arises is therefore what he actually did. Within the proper time he went to his friend in Philadelphia, and had a letter written to the plaintiff company to the effect that he was dissatisfied; "without that"; that is, without making the visit. He stated that he would visit the lots if it was insisted upon, but that he was not well and would prefer not to make the trip. The prompt answer of the plaintiff was that their agent would call to see him in a few days, and adjust the matter to Mr. Moses's satisfaction. So far as the evidence discloses the agent did not call, and no demand was made for almost two years thereafter. It seems to me that knowing that Mr. Moses wished to save himself the journey to Brentwood, the letter can only be construed as a concurrence with his wish, and excused him from going to that trouble. He notified the company in proper time that he was dissatisfied and that he did not intend to carry out the contract, and in my judgment the concurrent acts of the parties released him from the agreement, and entitled him to receive back the money he had already paid.

For these reasons I am of the opinion that the rule for judgment non obstante veredicto should be made absolute, and judgment is now ordered to be entered in favor of the defendant for the sum of $10 with interest from October 1, 1915, making in all $12.10.

Rule made absolute.

*Error assigned* was in entering judgment in favor of the defendant non obstante veredicto.

*Guy W. Knauer,* and with him *Robert S. Gawthrop,* for appellant.—The insertion of the word "addition" was not a material alteration of the contract and merely further identified the property in question: Flanigen v.

City of Phila., 51 Pa. 491; Henry v. Black, 210 Pa. 245; Ramsey v. Byers, 219 Pa. 332; Shattuck v. Cunningham et al., 166 Pa. 368.

*Isabel Darlington,* and with her *Thomas S. Butler,* for appellee.

PER CURIAM, February 28, 1920:

Nothing can be added profitably to the concise and well-sustained conclusions reached in the opinion of the learned court below in entering judgment non obstante veredicto. The facts out of which the controversy arises are all in writing and are undisputed.

For the reasons given by the learned trial judge the judgment is affirmed.