## Frick & Lindsay Co., Appellant, *v.* Johnstown & Somerset Ry. Co.

*Contract—Acceptance of terms—Meeting of minds.*

1. A contract must arise from the acceptance of the last stated terms, and the acceptance must be identical, in order to bring the minds of the parties together.

2. No contract arises where the evidence of it consists of three letters, the first asking a quotation on certain goods, the second a reply stating price and terms, and the third an acknowledgment of the second, indicating a desire to take the goods, but stating different terms.

Argued September 29, 1921. Appeal, No. 114, Oct. T., 1921, by plaintiff, from order of C. P. Somerset Co., Sept. T., 1919, No. 217, refusing to take off nonsuit, in case of Frick & Lindsay Co. v. Johnstown & Somerset Ry. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on alleged contract. Before BERKEY, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered a nonsuit and subsequently refused a motion to take it off.

*Error assigned,* inter alia, was order refusing motion, quoting record.

*W. L. G. Gibson,* with him *Wm. M. Robinson, Kooser & Kooser* and *Reed, Smith, Shaw & Beal,* for appellant.

*Clarence L. Shaver,* for appellee.

PER CURIAM, January 3, 1922:

This appeal involves the refusal to remove a nonsuit, which was entered because plaintiff had failed to prove

the existence of an alleged contract, upon which it sought recovery.

The dealings between the parties, which plaintiff claims gave rise to the contract in suit, consist of three letters; the first, from defendant, asks plaintiff to quote a price on certain goods, with terms of purchase and shipment; the next, a reply, states price and terms; and the last, an acknowledgment, indicates a desire on defendant's part to take the goods, but states somewhat different terms. To this last letter plaintiff made no answer; but, later, shipped the goods to Somerset, Pennsylvania, consigned to its own order. The shipment was refused by defendant, and the action now before us, for breach of contract, followed.

In holding that the correspondence between the parties did not show a contract, the court below correctly states: "A contract must arise from the acceptance of the last [stated terms], and the acceptance must be identical, in order to bring the minds of the parties together. The defendant's last letter differed from plaintiff's offer in three distinct particulars: (a) A consignee was named to whom the goods were to be shipped; (b) a different place of delivery from that made by plaintiff; (c) a limit of time when the goods should be shipped. How then can it be successfully contended that this made a complete contract, without an acceptance of these terms by the plaintiff. The transaction was not completed; the letter of defendant required another communication from the plaintiff assenting to the terms of defendant. The plaintiff never agreed to ship to defendant consignee, at Holsopple [the place named in the last letter], the goods ordered. Suppose the defendant had brought an action for damages to compel plaintiff to perform its contract, the answer would be: We never agreed to ship goods to U. S. Houck, consignee, at Holsopple, Pa., which would be true, and would defeat the action. The contract was left un-

finished; it was the duty of plaintiff to accept the counter proposal of defendant."

The judgment is affirmed.