## Coastwise Lumber & Supply Company *v.* Stitzinger, et al., Appellants.

*Contracts—Sales—Offer and acceptance.*

An order for goods to be shipped or delivered to the buyer becomes an agreement, when the goods are shipped or delivered according to the terms of the order, without communication of the acceptance. But until the goods are shipped or delivered there is no acceptance unless acceptance be communicated.

A correspondence which establishes that the seller never accepted the buyer's offer, but specified terms and conditions upon which it would be accepted, and requested an acceptance of such terms and conditions, which the buyer never complied with, does not show a contract.

GAWTHROP, J., dissents.

Argued April 18, 1923. Appeal, No. 53, April T., 1923, by defendants, from judgment of C. P. Lawrence Co., March T., 1920, No. 49, on verdict for plaintiff in the case of Coastwise Lumber & Supply Company v. G. G.

554, (1923).] Statement of Facts—Opinion of the Court.
Stitzinger et al.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Assumpsit on breach of contract.  Before EMERY, P. J.
The facts are stated in the opinion of the Superior Court.
Verdict in favor of plaintiff in the sum of $560 and judgment thereon.  Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendants' motion for judgment non obstante veredicto.

*Wylie McCaslin,* for appellants.

*James A. Chambers,* for appellee.

OPINION BY LINN, J., July 12, 1923:
The question is whether certain correspondence shows a contract to sell.  The buyer sued for failure to deliver; the seller denied the sale.  The court submitted the case to the jury who found for plaintiff.  Defendant appeals.
On May 4, 1917, plaintiff, in New York, by letter confirmed an order placed with appellant for nine cars of lumber, specifying price and delivery.
On May 9th at New Castle, Pa., appellant acknowledged receipt of that confirmation, but instead of accepting without condition, inquired about the routing and stated, "It being the first business with you, it is but proper for us to have an understanding as to terms." Then, following a statement of certain terms, one of which covered the contingency of a transportation embargo, in which event there was to be no sale, the letter concluded, "The above conditions being satisfactory, we will be glad to begin shipping as rapidly as we can secure cars.  Please let us hear from you on the subject."

On May 15th, each wrote to the other. Plaintiff's letter stated, "We have for acknowledgment yours of the 9th inst., regarding shipment of the eight cars...... ordered by us for delivery to 48th street station Bush Terminal all of which is in order. We understand that all railroads make deliveries at the Bush Terminal Company......" Appellant's letter of May 15th referred to its letter of the 9th, saying, "We have not heard from you in reply to this letter. Will you please look it up and advise us at once via what route we should ship to Bush Terminal, also advise us whether our terms mentioned in that lettter are satisfactory to you......"

The record shows that on May 17th appellant wrote to plaintiff acknowledging receipt of plaintiff's letter of the 15th and again asking whether the terms mentioned were "satisfactory," but as plaintiff denied receiving that letter, we lay it aside. On May 24th appellant wrote to plaintiff "again with reference to the eight cars of 4/4 dunnage, we have now written you twice on the subject of terms and the manner in which we wished the stock to be paid for, and not hearing from you in reply to either of our letters, we take for granted that you do not wish the material and are, therefore, cancelling the order." That letter was acknowledged by plaintiff (date not printed): "Replying to your letter of the 24th inst., ......we would refer you to our letter of the 15th inst., replying to yours of May 9th, in which we advise that the terms, etc., as given in your letter, were all in order." On June 11th appellant wrote: "......that we were so long in hearing from you regarding terms that we decided to dispose of the material elsewhere, so cannot at the present time furnish the material." On June 14th plaintiff notified appellant it would go into the open market and buy for appellant's account.

Appellant contends that it requested, and was entitled to, an unequivocal acceptance of the terms referred to in its letter of May 9th; plaintiff contends its letter of May 15th stating "We have for acknowledgment yours of the

9th inst.......all of which is in order," was sufficient acceptance of all the terms in appellant's letter of May 9th; plaintiff contends that the words "all of which is in order" mean that it accepted the terms imposed by appellant. It is clear appellant did not so understand it, and repeatedly wrote plaintiff desiring acceptance of its terms.

The terms stated in appellant's letter of May 9th acknowledging the order, related to time of payment following date of shipment whether it arrived within that time or not; specifying that freight allowance must be at the then existing freight rate; and providing "If we cannot get through the embargo [this was in 1917] we would not wish to hold the order indefinitely, as this ties us up so that we cannot ship to any other point."

Appellant of course was entitled to insist on an acceptance which it in fact understood, or by the custom of its trade, was required to understand to be an acceptance. We do not consider the words "all of which is in order" to be such an acceptance, and it is not without significance in ascertaining what plaintiff meant by those words, that when appellant's letter of May 15th asked for specific acceptance, the former words were merely repeated when the words "We accept" would have removed all possible doubt. As the letters show appellant never accepted plaintiff's order, but specified terms and conditions upon which it would be accepted and requested an acceptance of those terms and conditions, and as the letters show plaintiff did not accept the terms, there was nothing to submit to the jury on the subject: Clements v. Bolster, 6 Pa. Superior Ct. 411, 417; Swing v. Walker, 27 Pa. Superior Ct. 366, 372; Brentwood Realty Co. v. Moses, 73 Pa. Superior Ct. 307, 310; Ehrenstrom v. Hess, 262 Pa. 104, 107.

The difficulty with appellee's position in this court appears in the following statement from its brief: "An offer has been made to sell certain lumber at the price of sixteen dollars per thousand feet delivered at the Bush

558 COASTWISE L. & S. CO. *v.* STITZINGER, Appel.

Opinion of the Court—Dissenting Opinion. [81 Pa. Superior Ct.

Terminal in New York City. This offer has been accepted......" Appellee's record is against that assertion; its exhibit A to its statement of claim is a letter, in evidence, in which it writes "to confirm order placed with you for our account by O. C. Cluss." That is not an acceptance of an offer; it is exactly what the writer called it—an order—which, of course, appellant was not bound to accept. "An order for goods to be shipped or delivered to the buyer becomes an agreement when the goods are shipped or delivered according to the terms of the order without communication of the acceptance. But until the goods are shipped or delivered, there is no acceptance unless acceptance be communicated": 35 Cyc. 55.

Judgment reversed and here entered for defendant below.

DISSENTING OPINION BY GAWTHROP, J.:

I cannot concur with my brethren in the conclusion reached in this case. I agree that the question is whether certain correspondence shows a contract to sell. When, by their letter of May 9th, defendants acknowledged receipt of plaintiff's letter confirming an order placed with defendants for the lumber, and saying, "it being the first business with you, it is but proper for us to have an understanding as to terms," and stated the terms and that it would be glad to begin shipping if the terms were satisfactory to plaintiff, and requested a reply, and plaintiff answered by letter of May 15th as follows: "We have for acknowledgment yours of the 9th instant regarding shipment of the eight cars......ordered by us for delivery at Forty-eight Street Station, Bush Terminal, all of which is in order," the contract was complete. This was a sufficient acceptance of all the terms stated in defendant's letter of May 9th. That they did not so understand it, as appears by statements in their subsequent letters, cannot relieve them from the plain effect of the letter. Defendants were not entitled to insist on an ac-

ceptance which they, in fact, understood. All they were entitled to was an acceptance stated in terms which were reasonably clear and sufficiently plain to be understood by a person of ordinary intelligence. In the light of the correspondence and negotiations preceding and all the facts and circumstances under which plaintiff's letter of May 15th was received, I cannot bring myself to the conclusion that there is any doubt whatever as to the meaning of that letter and the words, "all of which is in order." Defendants say that these words are not technical terms. It follows that they must be taken in their natural and obvious sense, which is that the buyer agreed to the stipulations exactly as set forth by the seller in the letter being answered.

I would affirm the judgment.