Hedden, Appellant, *v.* Lupinsky.

Argued November 17, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Neville B. Shea,* with him *Shea and Shea,* for appellants.

*Peter Kanjorski,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

In June, 1959, plaintiffs' office received a telephone call from someone purporting to act on behalf of the defendant, Lupinsky, offering to do the ceramic tile work on a proposed addition to the Wilkes-Barre General Hospital, on which plaintiffs, as general contractors, planned to bid. Plaintiffs used defendant's bid in computing their own bid for the general contract which was awarded to them the following month. In August, plaintiffs sent defendant a contract which defendant was expected to sign along with certain bond forms and a copy of the specifications.

The subcontract, which plaintiffs sent to defendant, differs in several particulars from the General Conditions and General Requirements contained in the specifications; to wit: (1) although the specifications do not require the subcontractor to provide a maintenance bond, the subcontract requires such a bond; (2) under the General Requirements, plaintiffs were permitted to retain 5 per-cent on all monthly estimates; the subcontract stipulated a 10 per-cent retainage; (3) although the specifications made no such provision, the subcon-

tract prohibited the subcontractor from continuing to employ any person deemed by the owner, architect or contractor to be a nuisance or a detriment to the job; (4) the contract forbade the defendant to sublet any part of his job without the contractor's permission, notwithstanding the fact there was no such restriction in the specifications; (5) the General Conditions provided that all claims arising out of the contract were to be settled in accordance with the procedures of the American Institute of Architects, whereas the subcontract stated that the arbitration was to be governed by the Rules of the American Arbitration Association; (6) the defendant was required under the subcontract to protect plaintiffs against all suits on patent infringements on the work, notwithstanding absence of such a requirement in the specifications; and (7) although there is no such provision in the specifications, the subcontract authorized the architect to discharge any workman committing a nuisance upon certain parts of the premises.

When Lupinsky refused to sign the contract and perform the tile work in accordance with his bid, plaintiffs sued him for $6,517, which represents the difference between defendant's bid and the next lowest bid, plus interest. The trial court granted defendant's motion for a compulsory nonsuit. A rule was entered on behalf of plaintiffs to show cause why the nonsuit should not be lifted. The court en banc discharged the rule and affirmed the entering of the nonsuit.

Since on appeal from the refusal to remove a compulsory nonsuit, plaintiffs must be given the benefit of all the favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in their favor, *Donaldson v. Maffucci*, 397 Pa. 548, 553, 156 A. 2d 835 (1959), we shall assume that defendant did make a telephone proposal to plaintiffs upon which they based their bid on the general

contract, although there is some dispute as to this.

It would have been most helpful in deciding this appeal had the record indicated the trade custom in the building industry in Luzerne County regarding the effect given by contractors to oral bids received from subcontractors and what actions are regarded as necessary to establish a contractual relationship. Since this information is lacking, the sole question before us is whether the provisions of the subcontract which plaintiffs sent to defendant in response to his bid, so deviated from the General Conditions and Requirements contained in the specifications as to constitute a counteroffer rather than an acceptance of defendant's bid.

In our opinion, the foregoing variances constitute a counteroffer. This court has long adhered to the position of Restatement, Contracts, §60 (1932), that "A reply to an offer, though purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counter-offer." *Eastern Electric Sales Co., Inc. v. Provident Tradesmens Bank and Trust Co.*, 400 Pa. 429, 435, 162 A. 2d 215 (1960). To constitute a contract, the acceptance of the offer must be absolute and identical with the terms of the offer. *Cohn v. Penn Beverage Co.*, 313 Pa. 349, 352, 169 Atl. 768 (1934). Assuming, as we must, that Lupinsky phoned a proposal to plaintiffs, his bid constituted an offer to perform the job for a specified amount in accordance with the specific provisions of the General Conditions and Requirements contained in the specifications. When plaintiffs sent the subcontract to defendant with terms in variance with those in the specifications, they were actually submitting a counteroffer for his acceptance. Lupinsky chose not to accept and, consequently, no contract resulted.

Plaintiffs' contention that the doctrine of promissory estoppel applies here is without merit. Under the facts of this case, the question of defendant's liability

can be decided properly and finally on contractual principles of offer and acceptance.

Judgment affirmed.