**HASELDEN–LANGLEY CONSTRUCTORS, INC., Plaintiff-Appellee and Cross-Appellant,**

v.

**D.E. FARR & ASSOCIATES, INC., Defendant-Appellant and Cross-Appellee.**

**No. 81CA0006.**

Colorado Court of Appeals, Div. I.

June 9, 1983.

Rehearing Denied July 14, 1983.

Certiorari Denied Jan. 16, 1984.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

Hall & Evans, Jeffrey B. Stalder, Gordon L. Vaughan, Denver, for plaintiff-appellee and cross-appellant.

Conover, McClearn, Heppenstall & Kearns, P.C., Hubert A. Farbes, Jr., Den-ver, for defendant-appellant and cross-appellee.

COYTE [*], Judge.

Defendant, D.E. Farr & Associates, Inc., appeals the judgment of the trial court awarding damages to plaintiff, Haselden-Langley Constructors, Inc., on a theory of promissory estoppel. We reverse.

Plaintiff is a general contractor and defendant is a masonry construction company who submitted a bid for masonry work to plaintiff. Defendant had prepared its bid from the project plans and specifications provided by plaintiff. The total bid for masonry work only was $204,394. Defendant's bid did not include any labor or materials for the installation of rigid, in-wall insulation.

However, plaintiff assumed the defendant's bid was for both masonry and insulation. Based upon this assumption, plaintiff used the bid price of $204,394 to cover both the masonry and insulation portion of its own bid.

The general contract was awarded to plaintiff who thereafter advised defendant of its intent to award defendant a contract for both masonry and rigid, in-wall insulation work for a price of $204,394. Defendant immediately advised plaintiff that the bid was for masonry work only and did not include the insulation work. Plaintiff did not submit a proposal or a contract for defendant to perform only the masonry work at the original bid price without provisions for installation of insulation. No agreement could be reached for performance of both the masonry and insulation work. Plaintiff finally contracted with another masonry construction company for both masonry and insulation at a price greater than defendant's bid price.

Plaintiff brought this action for damages against the defendant based on two different theories; (1) breach of contract and (2) promissory estoppel. The trial court found that neither insulation nor installation of the insulation was included in defendant's

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

bid, and that there was no contract between the parties. However, the court determined that the elements of promissory estoppel had been established and awarded damages to plaintiff on that basis.

Defendant argues that the doctrine of promissory estoppel should not be applicable to the facts of this case. We agree.

The underlying rationale for the application of promissory estoppel to construction bid disputes is that the subcontractor cannot withdraw its bid until such time as the general contractor has had a reasonable period of time after the award of the general contract to accept the subcontractor's bid. Under this doctrine, the bid of a subcontractor is binding and cannot be revoked if the subcontractor should reasonably expect that a general contractor would rely upon the bid in submitting its prime bid on the project and the general contractor in fact does so. Furthermore, the general contractor must be given an opportunity to accept the offer. *See Litterio & Co. v. Glassman Construction Co.*, 319 F.2d 736 (D.C.Cir.1963); *Drennan v. Star Paving Co.*, 51 Cal.2d 409, 333 P.2d 757 (1958).

A key element of the doctrine of promissory estoppel is reliance by one party upon the promise of another party. *Mooney v. Craddock*, 35 Colo.App. 20, 530 P.2d 1302 (1974). Thus, if a general contractor does not rely upon the bid of a subcontractor, then the doctrine of promissory estoppel cannot be invoked.

Lack of reliance by the general contractor may be demonstrated by evidence that the general contractor continued to bargain with the subcontractor or failed to reply promptly after the award of the general contract. *R.J. Daum Construction Co. v. Child*, 122 Utah 194, 247 P.2d 817 (1952); *Drennan v. Star Paving Co., supra.* Furthermore, an attempt to accept the bid on terms different from the original bid is evidence of lack of reliance. *R.J. Daum Construction v. Child, supra; Drennan v. Star Paving Co., supra.* Indeed, any attempt to accept the bid on terms materially different from the original bid is a counter-offer and not an accept-

ance. *Hedden v. Lupinsky*, 405 Pa. 609, 176 A.2d 406 (1962). In such a situation there is neither an enforceable contract nor can the general contractor invoke the doctrine of promissory estoppel. *R.J. Daum Construction Co. v. Child, supra.*

Here, defendant's bid was expressly limited to masonry work only. Plaintiff mistakenly assumed that it was for both masonry and insulation and based upon this assumption plaintiff incorporated defendant's bid price as the price for both masonry and insulation in its prime bid. Thus, plaintiff did not reasonably and justifiably rely on defendant's original bid. Plaintiff's tender of a contract for both masonry and insulation was a counter-offer, not an acceptance of defendant's offer. Thus, the trial court erred in awarding plaintiff damages on a promissory estoppel theory.

Because of our disposition of this case, the contention raised by the cross-appeal is moot.

The judgment is reversed and the cause is remanded with instructions to enter judgment in favor of defendant.

BERMAN and STERNBERG, JJ., concur.