**MEAD ASSOCIATES, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**Clarence ANTONSEN, d/b/a Antonsen Excavating, Defendant-Appellee.**

No. 82CA1297.

Colorado Court of Appeals, Div. II.

Jan. 5, 1984.

Doyle & Biesterfeld, P.C., M. Dee Biesterfeld, Denver, for plaintiff-appellant.

Michael V. Makaroff, Englewood, for defendant-appellee.

SMITH, Judge.

Plaintiff, Mead Associates, Inc., appeals the entry of a directed verdict dismissing its claims against the defendant for breach of contract and promissory estoppel. We reverse and remand for a new trial.

At trial plaintiff's evidence indicated the following events had occurred. The plaintiff sought subcontracting bids in connection with a general contractor's bid it was preparing for a construction job. The defendant, an excavation contractor, submitted his bid price to the plaintiff by telephone covering the excavation portion of the general contract. The defendant's bid price for the excavation work was the lowest submitted to the plaintiff and the plaintiff relied upon and used that price in calculating its bid on the general contract. Plaintiff was the low bidder and was awarded the general contract.

Plaintiff informed the defendant by telephone that his bid price for the excavation work was the lowest bid submitted, and that after the general contract was signed, the plaintiff would enter into a subcontract with the defendant for the excavation work. After the general contract was signed the plaintiff prepared a proposed subcontract and submitted it to the defendant for approval. The defendant reviewed the proposed written contract and concluded that certain of its terms were unacceptable. Plaintiff then prepared a second contract which differed in some particulars from the first contract. This second contract was also rejected. Both contracts

were standard type contracts which conformed essentially to the bid price and general work requirements that had formed the basis of the bid.

Ultimately, defendant refused to perform the excavation work and the plaintiff was required to enter into a contract with a second subcontractor at a higher price.

Plaintiff filed suit against the defendant seeking, as damages, the difference between defendant's bid price and what it was required to pay as a result of having relied on the defendant's bid. At the close of the plaintiff's case, the trial court concluded that a prima facie case of promissory estoppel had not been established and directed a verdict for defendant.

The doctrine of "promissory estoppel," as articulated in the *Restatement (Second) of Contracts* § 90 has been adopted as part of the common law of Colorado. *See Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900 (Colo. 1982); *see also Mooney v. Craddock,* 35 Colo.App. 20, 530 P.2d 1302 (1974). One who makes a promise with the reasonable expectation that the promisee will act in reliance thereon may be estopped to deny that a contract was created if the promisee, acting or relying on such promise, suffers damage because of the failure of the promisor to perform. This doctrine "encourages fair dealing in business relationships and discourages conduct which unreasonably causes foreseeable economic loss because of action or inaction induced by a specific promise. Justifiable reliance on the representations of another is the gist of this action." *Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983).

Here, there was substantial evidence concerning the specific promise made by defendant and that he knew or should have known that it would be relied upon by the plaintiff in determining the amount of its own bid for the general contract. There is no dispute concerning the fact that plaintiff did so rely and that because of such reliance plaintiff suffered a financial loss when it was required to pay more for exca-

vation than the amount he had allocated in its own bid.

 Where substantial evidence tending to establish the elements of a plaintiff's claim has been presented to a jury, and where such evidence, if believed by the jury, would be sufficient to support a verdict for plaintiff, it is error to direct a verdict in favor of the defendant at the close of the plaintiff's case. *Bradley Realty Investment Co. v. Shwartz,* 145 Colo. 65, 357 P.2d 638 (1960). Thus, the trial court erred in taking this case away from the jury.

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and KELLY, JJ., concur.