**FEDERAL DEPOSIT INSURANCE CORPORATION,**
Plaintiff-Appellee,

v.

**UNIVERSAL PROPERTIES, INC., an Ohio corporation; and Jack Birnholz, an individual, Defendants-Appellants.**

**No. 84CA1396.**

Colorado Court of Appeals,
Div. II.

Oct. 3, 1985.

White and Steele, P.C., Sandra L. Spencer, Denver, for plaintiff-appellee.

Rothgerber, Appel, Powers & Johnson, Tennyson W. Grebenar, Thomas H. Young, Denver, for defendants-appellants.

VAN CISE, Judge.

In this action to recover the amount due on a promissory note, the trial court granted summary judgment in favor of the plaintiff, Federal Deposit Insurance Corporation (FDIC), in the amount of $313,005.14, representing the principal and interest due on the note plus costs and attorney fees. The defendants, Universal Properties, Inc. (Universal) and Jack Birnholz (Birnholz), appeal the adverse judgment, contending that the trial court erred in concluding that their affirmative defenses of estoppel and waiver were barred by 12 U.S.C. § 1823. We affirm.

In January 1983, Birnholz, as president of Universal, signed a promissory note for $250,000 payable on demand to the order of the Dominion Bank of Denver (Dominion) or, if no demand was made, payable within a year. Birnholz also signed an agreement personally guaranteeing the payment of the note by Universal.

In August 1983, Dominion made demand upon the defendants for full payment of the note. Payment not having been made, the present action was commenced by Dominion on September 22, 1983. However, on September 30, 1983, Dominion was declared insolvent and ordered closed by the Colorado State Bank Commissioner.

Thereafter, the FDIC was appointed receiver, and, pursuant to 12 U.S.C. § 1823, it purchased, in its corporate capacity, certain assets including the Universal promissory note. The FDIC was then substituted for Dominion as the plaintiff in the present action.

The defendants admitted that they were ultimately liable for the amount due under the note. However, they alleged that, in July 1983, Dominion and Universal had entered into an agreement extending the terms of payment of the note so that interest on the note would be paid quarterly and the principal would be paid $50,000 on January 31, 1984, $100,000 on April 30, 1984, and $100,000 on June 30, 1984. The defendants further alleged that pursuant to this agreement Universal tendered Dominion a check for interest in the amount of $19,371.53, but Dominion refused to accept the check. The defendant's affirmative defenses of waiver and estoppel were based on the alleged agreement extending the payment schedule of the note.

The pertinent statute, 12 U.S.C. § 1823(e), provides that:

"No agreement which tends to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the [FDIC] unless such agreement: (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

It was undisputed that no written document meeting the requirements of § 1823(e) was executed. In fact, the documents relied on as supporting Universal's claim to an "agreement" established that there had been ongoing negotiations, that no agreement had been reached, and that further negotiations were terminated before the FDIC took over. *See Haselden-Langley Constructors, Inc. v. D.E. Farr & Associates, Inc.,* 676 P.2d 709 (Colo.App. 1983). Even if there were an oral agreement between Dominion and Universal, it could not defeat or diminish in any manner the FDIC's interest in the note. *See Gun-*

*ter v. Hutcheson,* 674 F.2d 862 (11th Cir. 1982), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).

Nevertheless, relying on *Federal Deposit Insurance Corp. v. Gulf Life Insurance Co.,* 737 F.2d 1513 (11th Cir.1984), the defendants contend that § 1823(e) does not preclude them from asserting on the affirmative defenses of waiver and estoppel. We disagree.

As noted previously, any alleged agreement between Dominion and Universal was not valid or enforceable against the FDIC because the agreement did not meet the requirements of § 1823(e). And, since the defendants' affirmative defenses of waiver and estoppel were predicated on the alleged oral agreement between Dominion and Universal, such defenses also must fail. *See Federal Deposit Insurance Corp. v. Kucera Builders,* 503 F.Supp. 967 (N.D.Ga. 1980).

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.