CARDINE, Justice.
Four Nines Gold, Inc. (Four Nines) brought this action against 71 Construction, Inc. to recover damages for wrongful interference with contractual relationship, for breach of contract, and for breach of a covenant of good faith and fair dealing. The trial court granted summary judgment in favor of 71 Construction, Inc.
Four Nines brings this appeal presenting the following issues:
“1. Did the court err in ruling that there was no genuine issue of material-fact in dismissing plaintiff/appellant’s claim for intentional interference with a prospective contractual relationship and that the defendant/appellee was entitled to judgment as a matter of law?
“2. Did the court err in ruling that there was no genuine issue of material fact in dismissing plaintiff/appellant’s claim for breach of contract and that the defendant/appellee was entitled to judgment as a matter of law?
“3. Did the court’ err in ruling that there was no genuine issue of material fact in dismissing plaintiff/appellant’s claim for breach of the implied covenant of good faith and fair dealing, and that the defendant/appellee was entitled to judgment as a matter of law?”
We affirm.
On July 12, 1989, the city of Riverton advertised for bids for a street construction project. The deadline for submitting bids was July 28, 1989, at 2 p.m. After reviewing the plans for the project, Bill DeLapp, president of Four Nines, contacted Steve Loftin, president of 71 Construction, informed Loftin that Four Nines would bid on the project as general contractor, and asked Loftin to supply a subcontractor bid for aggregate bituminous surfacing.
On the morning of July 28th, Loftin submitted 71 Construction’s subcontractor bid by telephone. 71 Construction’s bid totaled $88,316. Four Nines incorporated 71 Construction’s bid into its bid which it submitted to the city of Riverton before the 2 p.m. deadline. That day, the city of River-ton engineer informed Four Nines that it had submitted the lowest bid.
The Riverton city council was scheduled to consider the bids on August 1. Before any action was taken on the bids, Loftin realized he had made a mistake on 71 Construction’s bid. Loftin had neglected to include the cost of asphalt oil in computing the bid, which resulted in the bid being about $30,000 lower than it should have been. Loftin first attempted to contact Four Nines to alert the company to the problem. He was unsuccessful, so he called the project engineer, the city engineer, and the city attorney. The city engineer and attorney determined that, as a result of 71 Construction’s error, a substantial material defect had been made in the bids. The city engineer sent a memorandum alerting the city council to the problem and recommending that all bids be rejected. The council rejected all bids. The bid information sheet provided that the city could reject any and all bids. Wyoming Statute 15-l-113(c) provides that a city can reject all bids for a public improvement contract if none serve the public interest. When the project was rebid, Four Nines was not the low bidder and did not receive the contract.
*238 Four Nines filed suit against 71 Construction in the Ninth District Court in Fremont County on December 29, 1989. The suit alleged that 71 Construction intentionally interfered with a prospective contractual relationship, breached a contract with Four Nines and breached an implied covenant of good faith and fair dealing. 71 Construction’s answer was a general denial and objection to improper venue. Pursuant to stipulation between the parties, venue was moved to Natrona County. 71 Construction was granted summary judgment on August 6, 1990. The trial court held that 71 Construction was attempting to protect its own interest and, therefore, did nothing improper by informing the city of the mistake. The trial court held that 71 Construction did not breach a contract because it was not bound to perform a contract until the city accepted Four Nines’ bid. It also held that 71 Construction did not violate a covenant of good faith and fair dealing because it did not act dishonestly.
Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56(c). We review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. Wagner v. First Wyoming Bank, N.A. Laramie, 784 P.2d 224, 226 (Wyo.1989).
This court recognizes intentional interference with a prospective contractual relationship as a cause of action in tort. Martin v. Wing, 667 P.2d 1159 (Wyo.1983). In Martin, at 1162, we adopted Restatement, Second, Torts § 766B, which states:
“One who intentionally and improperly interferes with another’s prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
“(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
“(b) preventing the other from acquiring or continuing the prospective relation.”
Malice motivating the interference need not be shown. Toltec Watershed Improvement District v. Johnston, 717 P.2d 808, 814 (Wyo.1986). However, if the interference is not improper, a necessary element of the tort is lacking. Allen v. Safeway Stores, 699 P.2d 277, 280 (Wyo.1985). 71 Construction’s interference in this case was not improper for two reasons.
First, truthful statements, whether solicited or volunteered, are not actionable as intentional interference with prospective contractual relations. Prazma v. Kaehne, 768 P.2d 586, 590 (Wyo.1989). See also Restatement, Second, Torts § 772(a) (1979), which states:
“One who intentionally causes a third person not to perform a contract or not to enter into a prospective contractual relation with another does not interfere improperly with the other’s contractual relation, by giving the third person “(a) truthful information * *
In its brief, Four Nines discusses the possible consequences had the city of Riverton accepted its bid. These possible consequences included binding 71 Construction to its low bid or having the city bear the added costs. Four Nines does not dispute that 71 Construction made an error in submitting its subcontractor bid. It does not allege that 71 Construction’s report of the mistake nor the manner in which 71 Construction reported the mistake was untrue.
Second, interference is permitted when the actor interferes in good faith to protect an economic interest. Toltec, 717 P.2d at 814. The interference must have been in good faith which requires a belief on the actor’s part that “his interest may otherwise be impaired or destroyed by the performance of the contract or transaction.” Toltec at 814, quoting Restatement, Second, Torts § 773. We can find no inference in the record to indicate that 71 Construction did not act in good faith. 71 *239 Construction s economic interests motivated it to contact the city. The company stood to lose a substantial amount of money if it were to be bound by its bid. Before contacting the city, 71 Construction attempted to contact Four Nines to bring the error to the general contractor’s attention. The city engineer’s affidavit, filed by Four Nines in opposition to the motion for summary judgment, states that Loftin, 71 Construction’s president, informed him that there had been lawsuits where subcontractors had made errors. Loftin states in his affidavit and deposition that he does not remember making such statements. However, for summary judgment purposes, we assume the statement was made and give Four Nines every favorable inference that flows therefrom.
That statement alone is not such bad faith as results in improper interference. The engineer explained in his affidavit that Loftin told him about the lawsuits to suggest that 71 Construction may be entitled to some relief for its mistake. Loftin told the engineer that in some of these lawsuits either the subcontractor was let out of the contract or the owner was required to bear the increased costs. The engineer’s affidavit does not state that Loftin threatened to bring a lawsuit against the city nor are we able to draw that inference. We can only conclude from the affidavit that the statement was one layman’s attempt to explain his perception of the law in this area to another layman. Thus, the making of the statement does not negate the good faith showing necessary to justify the interference. Because the information furnished by 71 Construction to the city of Riverton was true, correct and furnished in good faith to protect its interest which might otherwise be impaired or destroyed, it was not improper.
In its second issue, Four Nines claims 71 Construction breached its contract with Four Nines. Four Nines argues that a contract existed for 71 Construction to provide aggregate bituminous surfacing subject to a condition precedent of the award of the contract to Four Nines. We disagree.
The authority Four Nines cites to support this issue allows recovery under a theory of promissory estoppel, not breach of contract. Subcontractor bids can become irrevocable under this theory in absence of an enforceable contract. Drennan v. Star Paving Co., 51 Cal.2d 409, 333 P.2d 757, 759 (1958). Thus, a promise is enforceable under promissory estoppel without a valid contract if the injured party justifiably relied on the promise to his detriment. Id.; see Tremblay v. Reid, 700 P.2d 391, 395 (Wyo.1985) and Restatement, Second, Contracts § 90(1) (1981). The cases upon which Four Nines relies allows recovery on this theory when the general contractor’s bid is accepted. E.g., Drennan, and Mead Associates, Inc. v. Antonsen, 677 P.2d 434 (Colo.App.1984). Four Nines’ use of 71 Construction’s bid in its bid to the city does not create a binding contract between the two. N. Litterio & Co. v. Glassman Construction Co., 319 F.2d 736, 739 (D.C.Cir.1963). See generally, J. Sweet, Legal Aspects of Architecture, Engineering and the Construction Process § 32.02 (3rd ed. 1985). In this case, Four Nines’ bid was never accepted by the city of Riverton. Therefore, there was no contract between any of the parties and no breach of contract. The trial court correctly granted summary judgment in 71 Construction’s favor on this issue because no contract existed.
Four Nines’ final issue asks whether 71 Construction violated an implied covenant of good faith and fair dealing. Its argument is dependant on the existence of a contract. Since no contract was formed between Four Nines and 71 Construction, we cannot say such a covenant existed in the dealing between the parties. This implied covenant does not deal with the formation of a contract. Restatement, Second, Contracts § 205, comment c (1981). Furthermore, as we stated in our discussion concerning the intentional interference allegation, 71 Construction’s attempt to alert Four Nines and the city of Riverton to its mistake were acts undertaken in good faith.
Affirmed.
URBIGKIT, C.J., filed a dissenting opinion.