**MEAD ASSOCIATES, INC., a Colorado corporation, Plaintiff–Appellee,**

v.

**SCOTTSBLUFF SASH & DOOR CO., a Nebraska corporation, Defendant–Appellant.**

**No. 91CA1729.**

Colorado Court of Appeals,
Div. V.

Jan. 28, 1993.

Rehearing Denied March 18, 1993.

Certiorari Denied July 26, 1993.

chase order included an indemnification clause imposing liquidated damages for delay in construction completion caused by defendant. The liquidated damages provision conformed with a clause included in the general contract which had been made available to defendant prior to the submission of its bid. Claiming that the liquidated damages clause materially altered the bid, defendant refused to execute or honor the purchase order.

Subsequently, plaintiff obtained the materials from other sources and brought suit against defendant for the difference between defendant's bid and the cost of materials charged by the other suppliers. After a bench trial, the trial court entered judgment in favor of plaintiff.

Defendant contends that the trial court erred in finding that plaintiff relied on its bid and in finding that any purported reliance on the bid was reasonable. We disagree.

Under the doctrine of promissory estoppel, as applied to construction contracts, a material supplier's bid is binding and cannot be revoked if the bidder should reasonably expect that a general contractor would rely upon that bid in submitting its own bid on a project. And, if the general contractor suffers damages in reasonable reliance upon an erroneous bid, it may recover against the bidding party. *Mead Associates, Inc. v. Antonsen*, 677 P.2d 434 (Colo.App.1984).

Here, the trial court found that both parties had copies of the plans and specifications, which were specific about the necessary materials, including the headwall units. It also found that plaintiff called defendant to verify the bid and that defendant's estimator erred in confirming it. Finally, the trial court found that defendant intended that plaintiff rely on the bid for materials and that plaintiff did in fact rely on it.

Because there is support in the record for these findings, they are binding on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). And, in light of these findings, the trial court did not err in deter-

Inman, Flynn, Biesterfeld & Crabtree, P.C., M.D. Biesterfeld, Michael J. Glade, Denver, for plaintiff-appellee.

Wolf & Slatkin, P.C., Albert B. Wolf, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Scottsbluff Sash & Door Co., appeals a judgment entered in favor of plaintiff, Mead Associates, Inc., on a claim for damages resulting from defendant's refusal to honor a bid for materials for use in a construction project. We affirm.

Defendant submitted a bid to plaintiff for construction materials, which plaintiff subsequently used in preparing its own general contractor's bid. Defendant mistakenly computed its bid based on supplying "headwall trim" instead of "headwalls" as called for in the general contract plans and specifications. Plaintiff confirmed each component thereof with defendant's estimator before incorporating it in its own bid on the project.

Plaintiff was awarded the general contract and submitted a purchase order to defendant based upon its bid. The pur-

**42**

mining that plaintiff reasonably relied on defendant's bid.

Defendant, however, argues that the trial court erred in applying the doctrine of promissory estoppel because it had no notice that the clause imposing liquidated damages on the general contractor for delay in completing construction as contained in the general contract would be applied to its contract for the provision of materials and that, therefore, inclusion of a liquidated damages provision in the purchase order materially altered the bid. It argues, further, that the modified purchase order constituted a counteroffer which demonstrated plaintiff's lack of reliance. We are not persuaded.

■ Promissory estoppel should be applied to prevent injustice when there has not been mutual agreement by the parties on all essential terms of a contract and promises would not otherwise be enforceable. *Vigoda v. Denver Urban Renewal Authority*, 646 P.2d 900 (Colo.1982).

■ The doctrine estops a promisor from denying that a contract was created and awards to promisee the damages suffered because of the failure of promisor to perform. *Mead Associates, Inc. v. Antonsen, supra.*

■ The key to promissory estoppel is reliance by one party upon the promise of another party, *Mooney v. Craddock*, 35 Colo.App. 20, 530 P.2d 1302 (1974), and lack of reliance may be demonstrated when a general contractor attempts to accept a bid on terms materially different from those underlying the original bid. *Haselden–Langley Constructors, Inc. v. D.E. Farr & Associates, Inc.*, 676 P.2d 709 (Colo.App. 1983).

Consequently, if a general contractor relies on a bid and subsequently submits a proposed contract to a subcontractor, the bid price and general work requirements should conform essentially to those which formed the basis for the bid. *See Mead Associates, Inc. v. Antonsen, supra.*

■ In the present case, plaintiff's purchase order generally mimicked defendant's bid concerning the number, type,

and cost of materials ordered, and the addition of the indemnification clause did not alter the substance of the underlying bid. Therefore, inasmuch as defendant's bid did not contain an indemnification clause and none was agreed upon by the parties, the indemnification clause was a collateral matter and its inclusion in the purchase order did not bar the application of promissory estoppel to the terms of defendant's bid. Defendant had a right to reject the inclusion of the indemnification clause in plaintiff's purchase order but was still bound by the bid upon which defendant expected plaintiff to rely.

In view of our determination based upon the doctrine of promissory estoppel, we need not address defendant's additional contention that its bid was so lacking in essential elements that a valid contract was not formed.

The judgment is affirmed.

JONES and MARQUEZ, JJ., concur.