J-A07020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALLEGHENY WOOD PRODUCTS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARY ANN MORGAN | |
| Appellee | No. 1333 WDA 2014 |

Appeal from the Judgment Entered September 18, 2014
In the Court of Common Pleas of Crawford County
Civil Division at No(s): A.D. No. 2011-1430

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 8, 2015**

Appellant, Allegheny Wood Products, Inc. (AWP), appeals from the September 18, 2014 judgment entered in favor of Appellee, Mary Ann Morgan, on AWP's action for specific performance for the sale of real estate. After careful review, we affirm.

The trial court set forth the facts of this case as follows.

> By letter dated June 14, 2011, AWP, through its landman, Kevin R. Stout, submitted to Ms. Morgan "an offer of $495,000 ($3,000.00/acre) for 165 acres of land, timber and [oil, gas, and mineral (OGM)] rights located in Rockdale Township, Crawford County, PA."  He further indicated that "[t]he 165 acres is located on Tax Map 4022, parcels, 15, 29 and 30."  Additional terms were specified, most notably that "Seller shall provide clear and marketable title to the property."  Enclosed was a cashier's check in the amount of $51,000.00, which Ms. Morgan endorsed and gave to her attorney, William M. Hill, Jr., for deposit into his

escrow account. AWP's instructions were that "[t]his deposit shall be credited upon the final purchase price at closing or returned to AWP in the event the sale is not finalized between AWP and seller."

On June 29, 2011, Attorney Hill wrote to Bryan D. Huwar, Esq., counsel for AWP, that "[b]ased upon the letter from Kevin Stout I will prepare a sales agreement after you have reviewed copies of the [enclosed deeds, surveys, chain of title, oil and gas lease, easement, and current tax bills]." He noted that he did not believe that the oil and gas lease was still valid, that the resolution of the easement was unknown, and that "I talked with Norman Sunderland who opined that an [a]ction to [q]uiet [t]itle may solve the problem." While otherwise "agree[ing] with the contents of Kevin R. Stout's letter of June 14, 2011," Attorney Hill added sundry terms, such as prohibiting oil and gas exploration or timbering until the time of closing, and again referred to resolution of the title problem. Attorney Huwar was asked to advise Attorney Hill of any required information that had been omitted. He never did.

The next, and final written communication between the parties was Attorney Hill's letter of August 9, 2011 to Attorney Huwar, "reject[ing]" the offer from two months earlier and returning the deposit. He expressed Ms. Morgan's willingness to reimburse AWP its reasonable costs, and to consider an offer to instead purchase portions of the timber.

Trial Court Opinion, 9/10/14, at 2-3 (citations and footnotes omitted).

On September 28, 2011, AWP filed a complaint for specific performance of a purported written "agreement of sale" formed during the course of the aforementioned negotiations on June 14, 2011. On May 29, 2014, at the conclusion of a bench trial, the trial court announced its verdict finding in favor of Morgan and against AWP "in all respects." On June 12,

2014, AWP filed a motion for post-trial relief.[1]  Thereafter, on July 18, 2014, the trial court entered an order denying said motion.  On August 13, 2014, AWP filed a notice of appeal.[2]

On appeal, AWP raises the following issues for our review.

> A. The trial court erred, entering a non-jury trial verdict against [AWP]'s complaint for specific performance of real estate conveyance against Morgan where the evidence at trial showed that a contract was formed when Morgan accepted [AWP]'s offer to buy by endorsement of the down payment check.
>
>> 1. The trial court erred in the application of the law by failing to hold that [AWP]'s offer letter and Morgan's signature endorsement

_____

[1] The motion for post-trial relief was timely, as AWP filed it ten days after the trial court filed its decision with the prothonotary on June 2, 2014 and mailed notice thereof to both parties.  **See** Pa.R.C.P. 227.1(c)(2) (providing that "[p]ost-trial motions shall be filed within ten days after … the filing of the decision in the case of a trial without jury[]").

[2] Both the trial court and AWP have complied with Pennsylvania Rule of Appellate Procedure 1925.  Additionally, we note that AWP's notice of appeal was premature, as it purported to appeal from the July 18, 2014 order denying post-trial relief, but its appeal properly lies from the entry of judgment.  **Hart v. Arnold**, 884 A.2d 316, 325 n.2 (Pa. Super. 2005) (citation omitted), appeal denied, 897 A.2d 458 (Pa. 2006).  On September 18, 2014, the trial court entered judgment pursuant to AWP's praecipe for entry of judgment.  **See** Pa.R.C.P. 227.4(2).  Therefore, this Court's jurisdiction was perfected at that time.  **See** Pa.R.A.P. 905(a)(5) (providing that "a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof[]"); **see also Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.**, 948 A.2d 834, 842 n.1 (Pa. Super. 2008), affirmed, 2 A.2d 526 (Pa. 2010) (concluding entry of judgment on praecipe perfects jurisdiction even after appeal has been filed).  We have corrected the caption accordingly.

- 3 -

and deposit of [AWP]'s check, read together, formed a binding contract for the purchase and sale of the identified real estate.

2. The trial court erred, applying the law to the facts by construing Morgan's endorsement of [AWP]'s check and deposit into Hill's client trust as evidence of "safekeeping," rather than as objective evidence of Morgan's acceptance of [AWP]'s offer to buy the subject real estate.

3. The trial court erred as a matter of law when, contrary to Pennsylvania law, it construed any perceived ambiguity in Attorney Hill's confirmation letter as a counteroffer, rather than as evidence of Morgan's acceptance of Allegheny's offer to buy her real estate.

4. The trial court erred in the application of law when it held that the seller could void her agreement or refuse to close the sale due to perceived defects in her title, because the buyer has the option of taking such title as the seller may convey.

5. The trial court erred, failing to follow the law, which provides that [a] [s]eller, seeking specific performance, waives any alleged title defects referenced by Morgan as the basis for her counsel's letter revoking her offer to sell her property.

6. The trial court erred when it held that [AWP] was not entitled to recover its costs and expenses incurred after relying on Morgan's apparent acceptance of the payment and confirmation letter.

[AWP]'s Brief at 3-4 (some capitalization removed).

A request for specific performance is an appeal to the court's equitable powers. *Lackner v. Glosser*, 892 A.2d 21, 31 (Pa. Super. 2006). Accordingly, our standard of review "is narrow and limited to determining whether the findings of fact are supported by competent evidence, whether an error of law has been committed or whether there has been a manifest abuse of discretion." *Possessky v. Diem*, 655 A.2d 1004, 1008 (Pa. Super. 1995) (citation omitted). Moreover, "in all equity matters … we must accept the trial court's factual findings and give them the weight of a jury verdict where they are supported by competent evidence." *Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Universal Practical Knowledge*, 102 A.3d 501, 506 (Pa. Super. 2014) (citation omitted).

In this case, all of AWP's issues on appeal turn on whether there was a written contract for the sale of real estate between Morgan and AWP. Specifically, AWP contends, in its first three sub-issues, that Morgan, or her attorney, accepted AWP's June 14, 2011 offer, forming a contract. AWP presupposes the existence of a contract between the parties in its next three sub-issues. The trial court found there was no contract because Morgan did not accept AWP's offer to purchase the land. Trial Court Opinion, 9/10/14, at 5-7. After careful review, we conclude the record supports the trial court's findings of fact, and the court did not err as a matter of law.

To obtain specific performance of a contract to transfer ownership interest in real property, the Statute of Frauds requires the party seeking

enforcement to present a written contract signed by the party granting the interest. *See* 33 P.S. § 1; ***Trowbridge v. McCaigue***, 992 A.2d 199, 201 (Pa. Super. 2010). "The [S]tatute [of Frauds] is not a mere rule of evidence, but a limitation on judicial power to order specific performance of a contract in the absence of a writing." ***Target Sportswear, Inc. v. Clearfield Found.***, 474 A.2d 1142, 1147 (Pa. Super. 1984) (citation omitted). "A writing required by the Statute of Frauds need only include an adequate description of the property, a recital of the consideration and the signature of the party to be charged [with performing]." ***Trowbridge***, ***supra*** (citation omitted). "Whether the memorandum relied upon is a single document or consists of several related or connected writings, the complete terms of a valid agreement must be ascertainable therefrom with certainty and must also disclose an intention to be bound. A mere indication of the existence of an incomplete agreement is not sufficient." ***Target***, ***supra*** at 1148 (citations and quotation marks omitted).

Here, there is no written contract, signed by Morgan, to satisfy the Statute of Frauds. Instead, the actions and correspondence of the parties and their legal counsel evince ongoing negotiations. To form a contract, there must be a meeting of the minds in the form of "an offer on one side and an unconditional acceptance on the other. So long as any condition is not acceded to by both parties to the contract, the dealings are mere negotiations and may be terminated at any time by either party while they

are pending." ***Quiles v. Fin. Exch. Co.***, 879 A.2d 281, 285 (Pa. Super. 2005), *quoting*, ***Cohn v. Penn Beverage Co.***, 169 A. 768-769 (Pa. 1934).

AWP contends in its first two sub-issues that Morgan's endorsement of the $51,000.00 refundable deposit check that AWP enclosed with its June 14, 2011 offer letter and her deposit of the proceeds into her attorney's escrow account constituted Morgan's acceptance of the offer. [AWP]'s Brief at 9, 14. After reviewing the record, we conclude the trial court did not err in finding "[Morgan's] endorsement of the check by no means signified a 'meeting of the minds' as to all of the terms and conditions of AWP's offer." Trial Court Opinion, 9/10/14, at 5. The June 14, 2011 letter from AWP to Morgan stated that AWP "submits an offer of $495,000 ($3,000.00/acre) for 165 acres of land, timber and OGM rights located in Rockdale Township, Crawford County, PA[.]" Letter, 6/14/11, at 1 (unnumbered). Regarding the check, it provided "[e]nclosed you will find a cashier's check in the amount of $51,000.00 …. This deposit shall be credited upon the final purchase price at closing or returned to AWP in the event the sale is not finalized between [] AWP and [Morgan]." ***Id.*** Thus, the letter provided that even if Morgan signed the check and escrowed the $51,000.00, the contract was not finalized and was open to further negotiation. Accordingly, we conclude Morgan's endorsement of the check did not represent an intention to be bound to a contract for the sale of the land. Instead, it showed the existence of an incomplete agreement, which does not fulfill the Statute of

- 7 -

Frauds. ***Target***, ***supra***. Therefore, AWP's first two sub-issues are without merit.

AWP alternatively asserts that the June 29, 2011 letter from Attorney Hill was a confirmation letter showing Morgan's acceptance. The trial court, however, found the Hill letter either "invited continued negotiations" or "implicitly rejected AWP's offer to purchase clear title to Ms. Morgan's property, and constituted a counteroffer to sell such interests as she held in the land, timber, and OGMs." Trial Court Opinion, 9/10/14, at 6-7. After careful review, we conclude the trial court did not err or abuse its discretion in so finding.

The June 29, 2011 letter indicates that the parties were still involved in negotiations toward preparing a final agreement of sale. Therein, Attorney Hill indicates that he spoke with Attorney Huwar, counsel for AWP, "last weekend," and Attorney Hill will prepare an agreement of sale after Attorney Huwar has reviewed various documents, including deeds, surveys, a title search, a copy of the oil and gas lease and easement, and tax bills. Significantly, in the title search section, Attorney Hill notes that Morgan does not agree to deliver clear and marketable title and that an action to quiet title may be necessary. Next, Attorney Hill indicates that he will prepare a "timber deed using an agreed figure of acreage at $3,000 per acre and then a general warranty deed (subject to the resolution of [title issues and

encumbrances)]." Letter, 6/29/11, at 2. Attorney Hill also notes unresolved issues regarding the oil and gas lease and easement.

The June 29, 2011 letter is not a confirmation of Morgan's acceptance, but one correspondence in ongoing negotiations. The letter indicates that the agreement of sale has not been prepared because of several unresolved issues. While AWP's offer was to purchase 165 acres of land along with the timber and OGM rights thereon, Attorney Hill's letter indicates that only a timber deed will be prepared because unresolved issues may prevent the conveyance of the OGM rights. Further, the letter indicates that Morgan may not be able to provide clear and marketable title. Both the OGM rights and clear title were terms of AWP's offer letter. Therefore, the June 29, 2011 letter does not reveal a meeting of the minds or demonstrate Morgan's unconditional acceptance of AWP's offer. Instead, it shows the parties were still engaged in negotiating the terms of the agreement of sale. Additionally, Morgan did not sign the June 29, 2011 letter, so it cannot be used to meet the Statute of Frauds. Accordingly, we conclude that the trial court did not err as the June 29, 2011 letter was evidence of an incomplete agreement and does not satisfy the Statute of Frauds. **See Target**, **supra**. Therefore, AWP's third sub-issue fails.[3]

_____

[3] Given our conclusion that the trial court did not err in determining that Morgan did not accept AWP's offer, no agreement or contract existed between the parties, and we need not address AWP's three remaining sub-
*(Footnote Continued Next Page)*

Based on the foregoing, we conclude that the trial court did not abuse its discretion or err as a matter of law by finding that no contract was formed, and, therefore, AWP was not entitled to specific performance. ***See Trowbridge***, ***supra***; ***Possessky***, ***supra***. Accordingly, the trial court's September 18, 2014 judgment is affirmed.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015

*(Footnote Continued)* ————————

issues, which are all premised on either an agreement or Morgan's acceptance.