J-S51028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PNC BANK, NA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS J. WAGNER AND LISA A WAGNER | |
| Appellants | No. 217 EDA 2016 |

Appeal from the Order December 15, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 14-11890

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 12, 2016**

Thomas Wagner and Lisa Wagner (the "Wagners") appeal from the order denying their petition to strike default judgment and motion to open default judgment, entered by the Honorable Mark L. Tunnel of the Court of Common Pleas of Chester County.  Upon review, we affirm.

The facts of this appeal can be summarized as follows.  On July 7, 2005, PNC Bank, National Association ("PNC") executed a direct installment loan disclosure and note with the Wagners, whereby the Wagners agreed to pay PNC the principal amount $55,169.00, along with interest and costs. The monthly payments, in the amount of $499.63, began on September 9, 2005, and were to continue for 180 months.

---

* Retired Senior Judge assigned to the Superior Court.

Also on July 7, 2005, the Wagners gave a mortgage to PNC, securing the financial obligations of the loan and note. The mortgage described the encumbered property as, "located at and known as: 356 E. Lancaster Ave., Downingtown, PA 19335-2946." (R. 179). It further stated the property is located in Chester County, the deed book number is 4971, and the tax parcel number is 11-4-126.

On October 25, 2013, PNC sent certified mail to the Wagners, informing them of their intent to foreclose on the property located at 356 E. Lancaster Ave., Downingtown, PA 19335. The notice stated that payments were due from December 24, 2012, through October 24, 2013, totaling $5,495.93, and the Wagners had thirty days to cure the default.

The default was not cured within thirty days following the foreclosure notice, and PNC began mortgage foreclosure proceedings. PNC filed a complaint on December 8, 2014, for the amount due under the note and mortgage, along with interest and late charges, totaling $44,191.65. The Chester County Sheriff's Office personally served two copies of the complaint on Thomas Wagner on December 12, 2014.

The Wagners did not answer the complaint within twenty days after the complaint and notice were served upon them. On January 7, 2015, PNC mailed notices of default to the Wagners at 356 E. Lancaster Ave., Downingtown, PA 19335-2946. The notice provided that "[u]nless you act within ten (10) days from the date of this notice, a judgment may be entered against you without a hearing and you may lose your property or

other important rights." (R. 319, 339). On January 27, 2015, PNC filed a praecipe for default judgment in mortgage foreclosure with the prothonotary in the Court of Common Pleas of Chester County. That same day, the prothonotary entered that judgment in mortgage foreclosure against the Wagners in the amount of $46,031.05, plus continuing interest, costs, late charges, and attorneys fees.

On February 23, 2015, the Wagners filed a petition to strike default judgment and/or motion to open default judgment. On March 13, 2015, PNC filed an answer and new matter to the Wagner's petition to strike default judgment and/or motion to open default judgment.

On December 14, 2015, the Wagners' petition and/or motion were denied. On January 13, 2016, the Wagners filed a timely notice of appeal and, on February 4, 2016, filed their court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, the Wagners raise three issues for our review:

> 1. Whether the praecipe for default judgment complied with Pa.R.C.P. 237.1(a)(2)?
>
> 2. Whether the default judgment in mortgage foreclosure should be stricken because the alleged mortgage attached to the complaint and sued upon failed to adequately describe the real estate to transfer an interest in the [Wagners'] property?
>
> 3. Whether the default judgment should be opened where the notice purportedly sent by [PNC's] lawyer was never actually received by [the Wagners]?

Brief for Appellants, at 4.

- 3 -

The Wagners first claim that the prothonotary should not have entered a default judgment because the praecipe for default judgment did not comply with Pa.R.C.P. 237.1(a)(2). This argument is meritless.

Pennsylvania Rule of Civil Procedure Rule 237.1(a)(2) provides:

> No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.C.P. 237.1(a)(2).

The Wagners contend that it was improper for the prothonotary to enter a default judgment because there was no certification that the notices of default were mailed after the failure to plead. Moreover, they argue there cannot be a failure to plead until there is a duty to plead, which arises based upon compliance with Pa.R.C.P. 1026. This rule prescribes time for filing and notice to plead, and states that no pleading needs to be filed unless the preceding pleading contains a "notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026.

Instantly, the Sheriff's Office of Chester County served the Wagners with the complaint on December 12, 2014. The complaint included an "Important Notice" which specifically stated that if the Wagners wished to defend against the claims, they must do so in twenty days, or risk a judgment being entered against them. This is a notice to defend within the meaning of Rule 1026. On January 7, 2015, PNC mailed written notices of

its intention to file the praecipe for default judgment to the Wagners. On January 27, 2015, PNC filed the praecipe, which "include[d] a certification that a written notice of intention to file the praecipe was mailed [to the Wagners]," on January 7, 2015. Pa.R.C.P. 237.1(a)(2). Therefore, the prothonotary properly entered default judgment against the Wagners pursuant to the Pennsylvania Rules of Civil Procedure.

The Wagners next claim that default judgment should be stricken because the mortgage that was foreclosed upon did not adequately describe the real estate. In essence, the Wagners argue that the "document contains no metes and bounds or other legal description of the property allegedly conveyed," and as such there was never a valid mortgage to be foreclosed upon. Brief for Appellants, at 10. This argument is meritless.

> A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. Importantly, a petition to strike does not involve the discretion of the trial court.

*Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793-94 (Pa. Super. 2013) (internal citations and quotations omitted).

A purported transfer of an ownership interest in property is not enforceable unless it complies with the Statute of Frauds. *Trowbridge v.*

***McCaigue***, 992 A.2d 199, 201 (Pa. Super. 2010). The Statute of Frauds requires a writing, signed by both parties, that includes an adequate description of the property and a recital of the consideration. ***Id.*** A description of the property will satisfy the Statute of Frauds where it describes a particular piece or tract of land that can be identified, located, or found. ***Zuk v. Zuk***, 55 A.3d 102, 107 (Pa. Super. 2012) (citing ***Phillips v. Swank***, 13 A. 712 (Pa. 1888)). "A detailed description is not necessary, where the description shows that a particular tract is within the minds of the contracting parties, and intended to be conveyed." ***Phillips***, 13 A. at 715.

Instantly, the mortgage adequately describes the real estate and as such is a valid mortgage. The mortgage identifies the property as: "356 E. Lancaster Ave., Downingtown PA 19335-2946." It notes that the property is located in Chester County, that its deed book number is 4971 on page 1, and that its tax parcel number is 11-4-126. This satisfies the Statute of Frauds because the property can be "identified, located, or found" by this description. ***Zuk***, ***supra***. Moreover, the description showed a particular tract was in the minds of the parties and was intended to be conveyed, as the Wagners paid the monthly installments for seven years. The argument the Wagners seemingly advance is that the mortgage they had been paying for seven years was not a mortgage at all. This is not only refuted by the record but by their own actions. In sum, the mortgage sufficiently describes the property and as such, is a valid mortgage.

The Wagners' final argument is that the default judgment should be opened because they never received the notice of default judgment sent by the PNC's lawyer. This claim is also meritless.

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will.

***ABG Promotions v. Parkway Publ'g, Inc.***, 834 A.2d 613, 615 (Pa. Super. 2003) (en banc) (internal citations and quotations omitted). To succeed on a motion to open a default judgment, the moving party must show it: "(1) promptly filed a petition to open the default, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 994-95 (Pa. Super. 2009).

> Regarding the first prong of prompt filing:
>
> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness . . . In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less that one month.

***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa. Super. 2009) (quoting ***US Bank***, 982 A.2d at 995).

Here, the notice of the entry of default judgment is dated January 27, 2015. The motion to open the judgment was filed February 23, 2015. As this is a period of less than one month, we agree with the trial court that the motion to open the judgment was timely filed.

The second prong requires that the petitioners "provide[] a reasonable excuse or explanation for failing to file a responsive pleading." *US Bank*, *supra*. This means a justifiable explanation for having failed to respond in a timely fashion to the original complaint. *Schultz v. Erie Ins. Exch.*, 477 A.2d 471, 472 (Pa. 1984). Here, Thomas Wagner claims he "was checking his mail each day for [the] notice of default and intended to file preliminary objections or an answer to the complaint in a timely manner if and when he received the ten[-]day notice in the mail. Such a notice never arrived in the mail at 356 E. Lancaster Ave., Downingtown, PA 19335." Pet. Strike Default J. and/or Mot. Open Default J. ¶ 6. However, this explanation fails to address why the Wagners did not respond to the complaint within the time prescribed by the rules. In essence, Wagner received the complaint, knew he had twenty days to file a responsive pleading, but elected to wait for the notice of default to respond. This is not a justifiable explanation for the Wagners' failure to timely file a responsive pleading.

Even assuming, *arguendo*, that the notice of default was never received, all that is required to enter default judgment is proof that it was "mailed *or* delivered." Pa.R.C.P. 237.1(a)(2) (emphasis added). Therefore, there is no reasonable explanation for ignoring the twenty-day deadline to

respond to the complaint and instead waiting for the notice of default judgment.

This is not a case where the defendants have been without fault. *See Stephens v. Bartholomew*, 220 A.2d 617 (holding trial court did not abuse discretion when opening judgment where defendant delivered complaint in timely manner to attorney, but attorney neglected to read complaint). Nor is it a case where the defendant's attorney provided a reasonable explanation. *See Balk v. Ford Motor Co.*, 285 A.2d 128, 141-42 (Pa. 1971) (finding reasonable excuse where counsel forwarded complaint to defendant's insurance company, but insurance company lost all papers). Rather, this is a situation where the Wagners simply did not comply with the applicable time limits. And, as admitted, it was deliberately done while "checking [their] mail each day for [the] notice of default." The relevant rule provides "every pleading subsequent to the complaint shall be filed within twenty days after service[.]" Pa.R.C.P. 1026. The Wagners did not obey this rule, but waited for the notice of default judgment. This is not a justifiable explanation for failing to file a responsive pleading within the applicable time limit. *Schultz*, *supra*.

Accordingly, we find that the praecipe for default judgment complied with Pa.R.C.P. 237.1, the trial court did not err as a matter of law in denying the motion to strike default judgment because the mortgage adequately described the property, and the trial court did not abuse its discretion in

denying the motion to open the default judgment because the Wagners did not put forth a justifiable explanation for failing to file a responsive pleading.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016