J-A10014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY HATCH AND KIM HATCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellees | : | |
| v. | : | |
| | : | |
| GREG BREAM AND JOANN BREAM | : | |
| | : | |
| Appellants | : | No. 2612 EDA 2017 |

Appeal from the Judgment Entered August 9, 2017
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  2012-04492

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.:                   **FILED JUNE 22, 2018**

Appellants, Greg Bream and Joanne Bream, appeal from the judgment entered in the Bucks County Court of Common Pleas, in favor of Appellees, Jeffrey Hatch and Kim Hatch, in this breach of contract action.  We affirm.

In its opinions, the trial court fully and correctly sets forth the relevant facts and procedural history.  Therefore, we have no need to restate them.

Appellants raise three issues for our review:

> WHETHER THE TRIAL COURT ERRED IN CONCLUDING THAT…APPELLEES' COMPLAINT WAS NOT BARRED BY THE APPLICABLE FOUR YEAR STATUTE OF LIMITATIONS?
>
> WHETHER THE TRIAL COURT ERRED IN CONCLUDING THAT…APELLANTS' JOINT VENTURE AGREEMENT DID NOT VIOLATE PENNSYLVANIA'S STATUTE OF FRAUDS?
>
> WHETHER THE TRIAL COURT ERRED IN CONCLUDING THAT DAMAGES WERE PROVED BY A PREPONDERANCE OF THE EVIDENCE?

(Appellants' Brief at 5).

_____
*   Retired Senior Judge assigned to the Superior Court.

"The Statute of Frauds instructs that a purported transfer of an ownership interest in real property is not enforceable unless evidenced in writing and signed by the [party] granting the interest." ***Trowbridge v. McCaigue***, 992 A.2d 199, 201 (Pa.Super. 2010). The Statute of Frauds does not apply, however, to oral contracts which…do not transfer title of the real property. ***Everhart's Appeal***, 106 Pa. 349 (1884); ***Knauer v. Knauer***, 470 A.2d 553, 565 (Pa.Super. 1983).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Robert J. Mellon, we conclude Appellants' issues merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (***See*** Trial Court Opinion, filed March 20, 2017, at 1-3, unpaginated; Trial Court Opinion, filed October 12, 2017, at 7-13) (finding: **(3)** court relied primarily on parties' testimony because parties failed to produce documentary evidence; Appellees credibly testified that parties agreed to enter joint venture; evidence showed parties agreed to split net profits from sale of home; testimony of both parties established parties had previously split profits in similar joint venture on at least one other property; evidence showed Appellees continued to help construct home after deciding they no longer wished to live there; evidence also demonstrated Appellants provided Appellees with $50,000 check for construction-related expenses; Appellant Mrs. Bream confirmed she spoke with Appellees in 2011, about performing

final accounting for property; thus, ample evidence indicated parties entered joint venture agreement in 2005; further, parties do not dispute Appellants sold home for $315,000; Appellant Mrs. Bream credibly testified Appellants' total out-of-pocket costs from sale of home was $115,000 and Appellants netted profit of $200,000 from sale; Appellant Mrs. Bream also credibly testified Appellants paid $12,000 judgment in *Keen v. Bream* lawsuit; Appellees are responsible for half of Appellants' payment in *Keen v. Bream* judgment, because parties agreed to equally split net profits from sale of home; Appellees are entitled to $94,000, which accounts for Appellees' $100,000 share of profits from sale of home, less $6,000, one half of *Keen v. Bream* judgment; **(1)** Appellees credibly testified Appellants had agreed to perform final accounting after *Keen v. Bream* was resolved; parties agreed Appellees would wait to collect any money owed until final accounting was complete; thus, breach at issue did not occur in 2005; rather, breach occurred in May 2010, when *Keen v. Bream* was resolved and Appellants failed to perform final accounting; as late as October 2011, Appellants advised Appellees *Keen v. Bream* was ongoing; given parties' longtime friendship, Appellees reasonably relied upon Appellants' representations that *Keen v. Bream* had not been resolved and final accounting would be forthcoming; **(2)** parties did not enter joint venture agreement to transfer ownership of property between parties; under joint venture agreement, parties agreed to finish constructing home and split profits from eventual sale of home to third

party; Appellants' sale of home to third party was transaction separate from joint venture agreement; thus, statute of frauds does not apply to parties' joint venture agreement, because agreement did not involve transfer of ownership interest; moreover, Appellants failed to raise statute of frauds as affirmative defense in new matter; Appellants raised statutes of fraud defense for first time in post-trial motion, so Appellants waived statute of frauds defense in any event). The record supports the trial court's rationale and decision in this case. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/18